IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

Diocese of Duluth,

Debtor-in-Possession.

Case No.: 15-50792

Chapter 11

APPLICATION TO APPROVE EMPLOYMENT OF GRAY, PLANT, MOOTY, MOOTY
& BENNETT, P.A. AS LOCAL BANKRUPTCY COUNSEL AND LITIGATION
COUNSEL

TO:    United States Bankruptcy Judge, the United States Trustee, and other parties in interest identified in Local Bankruptcy Rule 2014-1.

The Diocese of Duluth, as debtor and debtor-in-possession in these proceedings, submits this application for the entry of an order pursuant to 11 U.S.C. §§ 327(a), 328(a) and 329(a) and Fed. R. Bankr. P. 2014(a) authorizing the debtor's retention and employment of Gray, Plant, Mooty, Mooty & Bennett, P.A. ("Gray Plant Mooty") as its local bankruptcy counsel and its litigation counsel in various nonbankruptcy proceedings as of the petition date. In support of this application, the debtor respectfully represents:

**JURISDICTION AND BACKGROUND**

1.     The Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Bankruptcy Rule 1070-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by this Court. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     On December 7th, 2015 (the "Petition Date"), the debtor filed a petition under chapter 11 of Title 11 of the United States Code ("the Bankruptcy Code") in this Court. The

1

debtor is authorized to operate its business and manage its properties as debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108 of the Bankruptcy Code.

3. Additional information regarding the circumstance leading to the filing of this chapter 11 case and the debtor's structure, history and activities is contained in the *Affidavit of the Very Reverend Father James B. Bissonette Regarding Structure and Pre-Filing History of Debtor and in Support of Chapter 11 Petition and First Day Pleadings (the "Bissonette Affidavit")*.

4. The debtor has filed an application to approve the employment of Elsaesser Jarzabek Anderson Elliott & MacDonald, Chtd. as lead bankruptcy counsel. The attorneys of Elsaesser Jarzabek Anderson Elliott & MacDonald, Chtd. are not admitted to practice in this district but motions for admission *pro hac vice* have been or will be contemporaneously filed with this application.

5. Pursuant to Local Rule 83.5 of the District of Minnesota, made applicable to this case by Local Bankruptcy Rule 9010-3(c), nonresident attorneys must associate with an active member of the bar of the United States District Court for the District of Minnesota as a condition of admission *pro hac vice*. Gray Plant Mooty attorneys Phillip L. Kunkel, Phillip W. Bohl, Susan E. Gaertner, Joy Reopelle Anderson, Nicholas N. Nierengarten and Abigail M. McGibbon[1] are active members of the federal bar for the District of Minnesota.

**GRAY PLANT MOOTY'S QUALIFICATIONS AND DISINTERESTEDNESS**

6. The debtor seeks to retain Gray Plant Mooty because of the firm's depth of experience in bankruptcy cases in the District of Minnesota and in the pending litigation in

---

[1] If this case is assigned to the Honorable Robert J. Kressel, Gray Plant Mooty will comply with Local Rule 9010-3(e).

2

which the debtor is engaged. The firm is familiar with the local rules, local practice and local procedure of this Court.

7. The hourly rates for the attorneys who will provide these services are as follows:

    a) Phillip L. Kunkel    $460.00
    b) Phillip W. Bohl    $460.00
    c) Susan E. Gaertner    $460.00
    d) Nicholas Nierengarten    $460.00
    e) Joy Reopelle Anderson    $305.00
    f) Abigail M. McGibbon    $210.00

8. The above hourly rates reflect discounts between $55 and $135 per hour from Gray Plant Mooty's ordinary and customary hourly rates. Gray Plant Mooty has also agreed to freeze these rates for the duration of the bankruptcy case.

9. Prior to the Petition Date, Gray Plant Mooty performed legal work for the debtor and has represented the debtor in its preparations for filing this case. As part of its representation, Gray Plant Mooty consulted with proposed lead bankruptcy counsel, advised the debtor with respect to bankruptcy matters and local rules and procedures, and assisted the debtor in connection with the preparation of the petition and related documents.

10. Prior to the Petition Date, Gray Plant Mooty also represented the debtor in connection with certain matters relating to claims concerning abuse allegations identified as follows (collectively, the "Pending Litigation"):

Doe 5 v. Diocese of Duluth, No. 69-DU-CV-13-1654

Doe 28 v. Diocese of Duluth, No. 69-DU-CV-13-2995

Doe 30 v. Diocese of Duluth, No. 62-CV-14-871

QB v. Diocese of Duluth, No 69-DU-CV-15-1264

Doe 68 v. Diocese of Duluth, No. 69-DU-CV-15-2435

Doe 70 v. Diocese of Duluth, No. 69-DU-CV-15-2436.

11. In addition to the Pending Litigation, Gray Plant Mooty has advised the debtor in connection with 12 notices of claim concerning abuse allegations (the "Pending Claims"). Gray Plant Mooty will continue to represent the debtor in connection with the Pending Litigation and Pending Claims.

12. The case of Doe 30 v. Diocese of Duluth (the "Doe #30 Matter") was tried and a verdict rendered in Ramsey County District Court on November 5, 2015 as more fully set forth in the *Bissonette Affidavit*. Gray Plant Mooty will continue to represent the debtor in connection with the filing and hearing of post-trial motions and prosecution of an appeal of the Doe #30 Matter.

13. The debtor maintains a banking and investment account relationship with Wells Fargo Bank, National Association ("Wells Fargo") which is a client of Gray Plant Mooty in unrelated matters. Gray Plant Mooty is informed and believes that Wells Fargo is not a creditor in this case, except by virtue of contingent claims arising out of the maintenance of such deposit accounts and investment accounts by the debtor. Gray Plant Mooty has never represented Wells Fargo with respect to any matters arising out of the relationship between Wells Fargo and the debtor. The debtor will be seeking to maintain its banking relationship with Wells Fargo. Other counsel will represent the debtor in the event of a dispute with Wells Fargo.

14. Gray Plant Mooty does not hold a claim in connection with this case, except to the extent it has provided services to the debtor in connection with the preparation of the petition and other documents in connection with the filing of this case.[2]

15. Gray Plant Mooty received a retainer in connection with this case in the amount of $15,000.00 on November 30, 2015, which retainer is being held in trust.

---

[2] Gray Plant Mooty's fees and expenses relating to the Pending Litigation and the Pending Claims have been or will be paid by the debtor's insurer.

16. Based upon the affidavit of Phillip L. Kunkel filed contemporaneously herewith, to the best of the debtor's knowledge, the principals of, counsel to and associates of Gray Plant Mooty do not hold or represent any interest adverse to the debtor, and do not have any connection with the debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth in this Application.

17. To the best of the debtor's knowledge, Gray Plant Mooty is a "disinterested person" within the meaning of 11 U.S.C. §§ 327(a), 328 and Bankruptcy Rule 2014.

18. The debtor believes that Gray Plant Mooty's employment is in the in the best interest of the estate.

## SERVICES TO BE RENDERED

19. As local bankruptcy counsel and litigation counsel for the debtor, Gray Plant Mooty will provide the following services:

   a) Consult with lead bankruptcy counsel regarding administration of the case;
   b) When necessary and with the direction of lead bankruptcy counsel, advise and represent the debtor with respect to all matters and proceedings in its chapter 11 case and prepare on behalf of the debtor necessary applications, motions, answers, orders, reports and other legal papers;
   c) When necessary and with the direction of lead bankruptcy counsel, assist in the evaluation of claims and participate in the formulation and confirmation of a plan;
   d) When necessary and with the direction of lead bankruptcy counsel, provide all other necessary legal services and advice in connection with this chapter 11 case;
   e) When necessary and with direction of lead counsel, advise and represent the debtor with respect to evaluation, analysis, negotiations and any other proceedings relating to insurance claims and coverage;
   f) Advise and represent the debtor in the Pending Litigation, including but not limited to, post-trial motions and appeal of Doe 30 v. Diocese of Duluth, No. 62-CV-14-871; and
   g) Advise and represent the debtor in connection with the Pending Claims.

5

20. Gray Plant Mooty will not provide services duplicating those of lead bankruptcy counsel.

21. Gray Plant Mooty will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the debtor's chapter 11 case in compliance with §§ 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules and any other applicable procedures and orders of the Court.

## RELIEF REQUESTED

22. By this application, the debtor seeks entry of an order in substantially the form included herewith authorizing the debtor, pursuant to § 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), to retain and employ Gray Plant Mooty as local bankruptcy counsel and to continue to employ Gray Plant Mooty as litigation counsel.

23. Pursuant to Local Bankruptcy Rule 9013-2, in the event that an evidentiary hearing on this application is necessary the debtor designates Fr. James B. Bisonnette, its Vicar General, who may testify as to the debtor's need for and selection of local counsel. The debtor also designates Phillip L. Kunkel, a principal of Gray Plant Mooty, who may testify as to Gray Plant Mooty's disinterestedness and engagement terms and conditions.

WHEREFORE, the debtor respectfully requests that this Court approve the employment of the law firm of Gray, Plant, Mooty, Mooty & Bennett, P.A. to represent it for the purposes set forth herein.

DIOCESE OF DULUTH

Date: December 7, 2015

By: *[signature]*
Fr. James B. Bisonnette, J.C.L.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **AFFIDAVIT OF THE VERY REVEREND FATHER JAMES B. BISSONETTE REGARDING STRUCTURE AND PRE-FILING HISTORY OF DEBTOR AND IN SUPPORT OF CHAPTER 11 PETITION AND FIRST DAY PLEADINGS** |
| The Diocese of Duluth, | |
| Debtor. | |
| Bankruptcy Case No. 15-50792 | |

STATE OF MINNESOTA )
                   ) ss.
COUNTY OF ST. LOUIS )

Father James B Bissonette, being duly sworn, deposes and states:

1. My name is Father James B. Bissonette. I am the Vicar General for the Diocese of Duluth (the "Diocese" or "Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case. I have served as the Vicar General since February 24, 2010 and also Pastor of St. James Church, Duluth since 7/23/2008. Prior to my appointment as Vicar General, I served as Diocesan Administrator from 12/4/2008-12/14/2009, as Vicar General from 8/27/2007-12/4/2008, as Diocesan Chancellor as well as pastor of St. Rose Church, Proctor and St. Philip Church, Saginaw; as Judicial Vicar and Presiding Judge in the Marriage Tribunal as well as Pastor of Immaculate Conception Church, Cromwell; as Pastor of St. Francis Church, Carlton; a member of the Priest Personnel Board; as pastor of St. Mary Church, Marble and St. Joseph Church, Taconite; as Director of Vocations to the Priesthood and Associate Pastor of Blessed Sacrament Church, Hibbing. I am familiar with the history, structure and mission of the Diocese. I am also generally familiar with the Diocese's day-to-day operations, business affairs and records.

2. I make this Affidavit based upon my personal knowledge of the facts set forth herein, upon information supplied to me by others associated with the Diocese, upon my review of relevant documents or upon my opinion based on my experience and knowledge of the Diocese's operations,

        Mooty in unrelated matters. Gray Plant Mooty is informed and believes that Wells Fargo is not a creditor in this case, except by virtue of contingent claims arising out of the maintenance of such deposit accounts and investment accounts by the debtor. Gray Plant Mooty has never represented Wells Fargo with respect to any matters arising out of the relationship between Wells Fargo and the debtor. The debtor will be seeking to maintain its banking relationship with Wells Fargo. Other counsel will represent the debtor in the event of a dispute with Wells Fargo.

    4.    There may be other persons within the scope of Bankruptcy Rule 2014 that, unknown to me, Gray Plant Mooty has represented in particular matters in the past. We agree not to represent such persons who are creditors or other parties in interest in this case while representing the debtor, without further disclosure, and we agree to disclosure any connections within the meaning of Rule 2014 that we may discover subsequent to the execution of this declaration.

    5.    Except as the Court may determine from the circumstances disclosed above, Gray Plant Mooty does not hold or represent any interest adverse to the estate, and Gray Plant Mooty is a "disinterested person" within the meaning on 11 U.S.C. § 327(a).

    6.    Gray Plant Mooty agrees to disclose any connections that we may discover subsequent to the execution of this Statement. The firm will undertake a supplemental inquiry with respect to any additional creditors and parties in interest identified when the schedules or any amendments to schedules are filed, and before any adversary proceeding complaint or answers are filed.

11. Prior to the Petition Date, Gray Plant Mooty performed legal work for the debtor and has represented the debtor in its preparations for filing this case. As part of its representation, Gray Plant Mooty consulted with proposed lead bankruptcy counsel, advised the debtor with respect to bankruptcy matters and local rules and procedures, and assisted the debtor in connection with the preparation of the petition and related documents.

12. Prior to the Petition Date, Gray Plant Mooty also represented the debtor in connection with certain matters relating to claims concerning abuse allegations identified as follows (collectively, the "Pending Litigation"):

Doe 5 v. Diocese of Duluth, No. 69-DU-CV-13-1654

Doe 28 v. Diocese of Duluth, No. 69-DU-CV-13-2995

Doe 30 v. Diocese of Duluth, No. 62-CV-14-871

QB v. Diocese of Duluth, No 69-DU-CV-15-1264

Doe 68 v. Diocese of Duluth, No. 69-DU-CV-15-2435

Doe 70 v. Diocese of Duluth, No. 69-DU-CV-15-2436.

7. In addition to the Pending Litigation, Gray Plant Mooty has advised the debtor in connection with 12 notices of claim concerning abuse allegations (the "Pending Claims"). Gray Plant Mooty will continue to represent the debtor in connection with the Pending Litigation and the Pending Claims.

8. The case of Doe 30 v. Diocese of Duluth (the "Doe #30 Matter") was tried and a verdict rendered in Ramsey County District Court on November 5, 2015 as more fully set forth in the *Bissonette Affidavit*. Gray Plant Mooty will continue to represent the debtor in connection with the filing and hearing of post-trial motions and prosecution of an appeal of the Doe #30 Matter.

9. On November 30, 2015, Gray Plant Mooty received a retainer in the amount of $15,000 as part of its engagement for this matter. The retainer is being held in trust.

10. Gray Plant Mooty does not hold a claim in connection with this case, except to the extent it has provided serves to the debtor in connection with the preparation of the petition and other documents in connection with the filing of this case. Gray Plant Mooty's fees and expenses relating to the Pending Litigation and the Pending Claims have been paid by the debtor's insurer.

11. As local bankruptcy counsel and litigation counsel for the debtor, Gray Plant Mooty will provide the following services:

   a) Consult with lead bankruptcy counsel regarding administration of the case;
   b) When necessary and with the direction of lead bankruptcy counsel, advise and represent the debtor with respect to all matters and proceedings in its chapter 11 case and prepare on behalf of the debtor necessary applications, motions, answers, orders, reports and other legal papers;
   c) When necessary and with the direction of lead bankruptcy counsel, assist in the evaluation of claims and participate in the formulation and confirmation of a plan;
   d) When necessary and with the direction of lead bankruptcy counsel, provide all other necessary legal services and advice in connection with this chapter 11 case;
   e) When necessary and with direction of lead counsel, advise and represent the debtor with respect to evaluation, analysis, negotiations and any other proceedings relating to insurance claims and coverage;
   f) Advise and represent the debtor in the Pending Litigation, including but not limited to, post-trial motions and appeal of Doe 30 v. Diocese of Duluth, No. 62-CV-14-871; and
   g) Advise and represent the debtor in connection with the Pending Claims.

12. Gray Plant Mooty does not expect to render legal services beyond those typically expected or required of local counsel and is making every effort to avoid any unnecessary duplication of the services provided by lead counsel.

13. The hourly rate for the attorneys who will provide these services are as follows:

   a)   Phillip L. Kunkel         $460.00
   b)   Phillip W. Bohl           $460.00
   c)   Susan E. Gaertner         $460.00

4

        d)      Nicholas Nierengarten      $460.00
        e)      Joy Reopelle Anderson      $305.00
        f)      Abigail M. McGibbon      $210.00

13. The above hourly rates reflect discounts between $55 and $135 per hour from Gray Plant Mooty's ordinary and customary hourly rates. Gray Plant Mooty has also agreed to freeze these rates for the duration of the bankruptcy case.

14. Gray Plant Mooty shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the debtor's chapter 11 case in compliance with §§ 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules and any other applicable procedures and orders of the Court.

15. There is no agreement of any nature as to any sharing of any compensation to be paid to Gray Plant Mooty.

Dated: December 7, 2015      **GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.**

      By: /s/ Phillip L. Kunkel
      Phillip L. Kunkel
      Attorney No. 58981
      1010 W. Germain
      Suite 500
      Saint Cloud, Minnesota 56301

**EXHIBIT A**

**St. James Catholic Church Aitkin**
**Holy Rosary Catholic Church, Aurora**
**St. Pius X Catholic Church, Babbitt**
**St. Joseph's Catholic Church, Ball Club**
**All Saints Catholic Church, Baxter**
**Our Lady of the Snows Catholic Church, Bigfork**
**St. John's Catholic Church, Biwabik**
**St. Andrews Catholic Church, Brainerd**
**St. Francis Catholic Church, Brainerd**
**St. Mathias Catholic Church, Fort Ripley**
**Our Lady of the Sacred Heart Catholic Church, Buhl**
**St. Francis Catholic Church, Carlton**
**St. Charles Catholic Church, Cass Lake**
**St. Joseph Catholic Church, Chisholm**
**Queen of Peace Catholic Church, Cloquet,**
**Holy Family Catholic Church, Cloquet**
**St. Augustine Catholic Church, Cohasset**
**Mary Immaculate Catholic Church, Coleraine**
**St. Mary's Catholic Church, Cook**
**Immaculate Conception Catholic Church, Cromwell-Wright**
**St. Joseph's Catholic Church, Crosby**
**Immaculate Heart Catholic Church, Crosslake**
**St. Mary's Catholic Church, Deer River**
**St. Joseph's Catholic Church, Deerwood**
**Cathedral of Our Lady of the Rosary Catholic Church, Duluth**
**Catholic Campus Ministry-UMD, Duluth**
**Holy Family Catholic Church, Duluth**
**Our Lady of Mercy Catholic Church, Duluth**
**St. Benedict's Catholic Church, Duluth**
**St. Elizabeth's Catholic Church, Duluth**
**St. James' Catholic Church, Duluth**
**St. John the Evangelist Catholic Church, Duluth**
**St. Joseph's Catholic Church, Duluth**
**St. Lawrence's Catholic Church, Duluth**
**St. Mary Star of the Sea Catholic Church, Duluth**
**St. Michael's Catholic Church, Duluth**
**St. Raphael's Catholic Church, Duluth**
**St. Anthony's Catholic Church, Ely**
**St. Emily's Catholic Church, Emily**
**Resurrection Catholic Church, Eveleth**
**Sacred Heart Catholic Church, Federal Dam**

**St. Louis Catholic Church, Floodwood**
**St. Mathias Catholic Church, Ft. Ripley**
**Our Lady of Fatima Catholic Church, Garrison**
**St. Joseph Catholic Church, Gilbert**
**St. Joseph Catholic Church, Gnesen**
**St. John's Catholic Church, Grand Marais**
**Holy Rosary Catholic Church, Grand Portage**
**St. Joseph's Catholic Church, Grand Rapids**
**Sacred Heart Catholic Church, Hackensack**
**Immaculate Conception Catholic Church, Hibbing**
**Blessed Sacrament Catholic Church, Hibbing**
**Holy Family Catholic Church, Hillman**
**St. Patrick's Catholic Church, Hinckley**
**Queen of Peace Catholic Church, Hoyt Lakes**
**St. Thomas Catholic Church, International Falls**
**St. Columban Catholic Church, Littlefork**
**St. Edward's Catholic Church, Longville**
**Our Lady of Fatima Catholic Church, McGrath**
**Holy Family Catholic Church, McGregor**
**St. Mary's Catholic Church, Meadowlands**
**Holy Angels Catholic Church, Moose Lake**
**Sacred Heart Catholic Church, Mt. Iron**
**St. Cecilia's Catholic Church, Nashwauk**
**St. Christopher Catholic Church, Nisswa**
**St. Michael's Catholic Church, Northome**
**Holy Cross Catholic Church, Orr**
**St. Alice Catholic Church, Pequot Lakes**
**St. Thomas Catholic Church, Pine Beach**
**Immaculate Conception Catholic Church, Pine City**
**Our Lady of Lourdes, Pine River**
**St. Rose Catholic Church, Proctor**
**St. Paul Catholic Church, Remer**
**St. Phillip's Catholic Church, Saginaw**
**St. Luke's Catholic Church, Sandstone**
**SS Mary & Joseph Catholic Church, Sawyer**
**St. Mary's Catholic Church, Silver Bay**
**St. Catherine Catholic Church, Squaw Lake**
**St. Isidore Catholic Church, Sturgeon Lake**
**St. Martin's Catholic Church, Tower**
**Holy Spirit Catholic Church, Two Harbors**
**Holy Spirit Catholic Church, Virginia,**
 **Sacred Heart Catholic Church, Virginia**
**St. Agnes Catholic Church, Walker**
**St. Mary's Catholic Church, Willow River**
**Wells Fargo Bank, National Association**

2

**The Catholic Religious Education Endowment Fund of the Diocese of Duluth**
**The Human Life and Development Fund of the Diocese of Duluth**
**The Seminarian Endowment Fund of the Diocese of Duluth**
**Duluth Area Catholic Schools**
**Agricultural Insurance Company (Liberty Mutual), Boston, Massachusetts**
**American Enterprise Insurance Company/American Enterprise Group, Inc., Des Moines, Iowa/Omaha, Nebraska**
**American Empire Insurance Company/American Empire Group (Great American Insurance Group), Cincinnati, Ohio**
**American Financial Insurance Company (Great American Insurance Group), Cincinnati, Ohio.**
**Catholic Mutual Group (a self-insurance fund), Omaha, Nebraska.**
**Catholic Mutual Relief Society of America, Omaha, Nebraska**
**Continental Insurance Company (CNA), Chicago, Illinois**
**Firemen's Insurance Company of Newark, New Jersey (Continental Insurance Co. /CNA), Chicago, Illinois.**
**Great American Insurance Company/Great American Insurance Group, Cincinnati, Ohio.**
**Liberty Mutual Insurance Company, Boston, Massachusetts**
**Toshiba Business Solutions**


GP:4231772 v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

In re:

Diocese of Duluth,

          Debtor-in-Possession.

Case No.: 15-50792

Chapter 11

ORDER APPROVING EMPLOYMENT OF
ATTORNEYS

At Minneapolis, Minnesota, December, 7, 2015.

Based on the application filed on December 7, 2015, by the debtor-in-possession pursuant to 11 U.S.C. § 327(a);

IT IS ORDERED:

The employment by the debtor-in-possession of Gray Plant Mooty Mooty & Bennett P.A., to represent the debtor-in-possession as local counsel and litigation counsel is approved.

 

_____
UNITED STATES BANKRUPTCY JUDGE