UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Diocese of Duluth,

Debtor.

BKY 15-50792

Chapter 11

ORDER (I) GRANTING EXPEDITED RELIEF AND (II) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND CHECK STOCK AND (III) WAIVING THE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE

This case is before the court on the debtor's motion for an order (I) granting expedited relief and (II) authorizing maintenance of existing bank accounts and check stock and (III) waiving the requirements of section 345(b) of the Bankruptcy Code. Based on the motion and the file,

**IT IS ORDERED:**

(a) The debtor's motion for expedited relief is granted;

(b) The debtor is authorized in the reasonable exercise of its business judgment, to designate, maintain, and continue to use, with the same account numbers, all of the active demand deposit and transaction bank accounts in existence on the petition date;

(c) To the extent bank accounts maintained by the debtor are subject to 11 U.S.C. § 345(b), the debtor is authorized, to continue using its bank accounts, including the pre-petition bank accounts; provided, however, that this modification is subject to review by the court on a motion from the United States Trustee or any other party in interest;

(d) The debtor is authorized to temporarily maintain its investment accounts and to enter into a process of withdrawing its current investments in those accounts, where applicable, and to reinvest the proceeds thereof in an orderly and

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *12/10/2015*
Lori Vosejpka, Clerk, by LH

        expeditious manner into obligations issued by the U.S. Government or fully guaranteed as to principal and interest by the U.S. Government, within 30 days of the date of this order, or as may be specified and approved by the United States Trustee;

(e)     The debtor is authorized to use, in their present form, checks and other documents related to the pre-petition bank accounts; provided, however, that the debtor shall order business forms and related materials as needed in accordance with the requirements of the Office of the United States Trustee, and authorizing the debtor to treat the pre-petition bank accounts for all purposes as accounts of the debtor as "debtor in possession;"

(f)     The debtor is authorized and shall direct each and every bank at which any pre-petition bank account is maintained to continue to service and administer such pre-petition bank account as an account of the debtor as debtor in possession without interruption and in the usual and ordinary course;

(g)     The debtor is authorized and shall direct each and every bank at which any pre-petition bank account is maintained to receive, process, honor and pay any and all checks and drafts drawn on the pre-petition bank account after the petition date by the holders or makers thereof; provided, however, that such banks may not honor and pay any check drawn or used by the debtor before the pre-petition date for which the debtor has placed a stop payment in writing;

(h)     Each and every bank at which any pre-petition bank account is maintained is authorized to debit the debtor's accounts in the ordinary course of business without need for further order of this court for: (i) all checks, items, and other payment orders drawn on the debtor's accounts which are cashed at the respective banks' counters or exchanged for cashier's checks by the payees thereof prior to the banks' receipt of notice of the filing of the petition; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of the pre-petition bank accounts prior to the filing of the petition which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the debtor was responsible for such items prior to filing of the petition; and (iii) all undisputed pre-petition amounts outstanding as of the date hereof, if any, owed to such banks as service charges for the maintenance of the pre-petition bank accounts;

(i)     Each and every bank at which any pre-petition bank account is maintained is authorized to rely on the representations of the debtor with respect to whether any check, item, or other payment order drawn or issued by the debtor prior to filing of the petition should be honored pursuant to this or any other order of this court, and such banks shall not have any liability to any party for relying on such representations by the debtor as provided for herein.

(j)     The existing deposit agreements between the debtors and its existing depository and disbursement banks shall continue to govern the postpetition cash

      management relationship between the debtors and the banks, and that all of the provisions of such agreements, including, without limitation, the termination and fees provisions, shall remain in full force and effect, (ii) either the debtor or the banks may, without further order of this court, implement changes to the cash management system and procedures in the ordinary course of business pursuant to terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts.

(k)    Notwithstanding Fed. R. Bankr. P. 6004(h), or any other applicable rule, this order is effective immediately.

Dated: December 10, 2015

                                              /e/ Robert J. Kressel
                                              United States Bankruptcy Judge