UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Diocese of Duluth,<br><br>   Debtor-in-Possession. | Case No.: 15-50792<br><br>Chapter 11 |

**NOTICE OF MOTION AND MOTION FOR ORDER DIRECTING MEDIATION
AND APPOINTING THE HONORABLE GREGG W. ZIVE TO SERVE AS
MEDIATOR**

TO: All parties-in-interest specified in Local Rule 9013-3.

  1. The Diocese of Duluth moves this Court for the relief request below and gives notice of hearing.

  2. The Court will hold a hearing on the motion for an order directing mediation and appointing a mediator at **10:30 a.m. on March 10, 2016 in Courtroom 8 West, 300 South Fourth Street, Minneapolis, MN 55415.**

  3. Local Rule 9006-1(c) provides deadlines for responses to this motion. Any response to this motion must be filed and delivered not later than March 5, 2016, which is five (5) days prior to the time set for the hearing, including Saturdays, Sundays and holidays. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

  4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding.

  5. The petition commencing this chapter 11 case was filed on December 7, 2015 ("Petition Date"). The case is currently pending before this Court.

6. The motion arises under § 105 of the Bankruptcy Code, as well as Local Rule 9019-2. Notice of the hearing on this motion is provided pursuant to Local Rule 9013-3 and 2002-1(b).

**RELIEF REQUESTED**

7. The Diocese of Duluth respectfully requests that this Court enter an order directing the debtor, the Official Committee of Unsecured Creditors, and Jeff Anderson & Associates to participate in mediation and appointing The Honorable Gregg W. Zive, Bankruptcy Judge from the District of Nevada, to serve as mediator.

**BACKGROUND**

8. On December 7, 2015, the debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The debtor continues to operate its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

9. General background information about the debtor and this case and facts related to this motion is set forth in the *Affidavit of the Reverend James B. Bisonette* [ECF Docket No. 8] regarding the structure and pre-filing history of the debtor.

10. Through this bankruptcy proceeding, the goal of the debtor is to successfully reorganize its financial affairs and fairly and equitably compensate sexual abuse claimants and other creditors.

11. The debtor has been and will continue to voluntarily negotiate and work with proposed counsel for the Unsecured Creditors' Committee and Jeff Anderson & Associates, as appropriate. The debtor believes that it is in the best interest of the estate to continue these negotiations, and others, in a structured mediation setting.

## PROPOSAL REGARDING MEDIATION

12. In the coming months the debtor intends to engage in plan negotiations with the Unsecured Creditors' Committee, Jeff Anderson & Associates, all implicated insurances companies and any other parties in interest. It is the debtor's goal to foster an open and productive dialogue with all parties.

13. While the debtor plans to encourage and continue informal negotiations, it requests that the Court appoint a mediator to allow the mediator to step in at the parties' request, as appropriate, without delay.

14. The debtor and proposed counsel for the Official Committee of Unsecured Creditors have agreed to request that the Honorable Judge Gregg W. Zive serve as the mediator.

15. In an effort to aid the Court and all parties in interest, the debtor provides the following proposals regarding mediation:

   a) The parties to the mediation shall include: (1) the debtor; (2) counsel for the Official Committee of Unsecured Creditors; (3) Jeff Anderson and Associates, on behalf of certain survivors; (4) other counsel, if any, on behalf of certain survivors; (5) any additional entities or persons that with Judge Zive's consent choose to participate in the mediation, and (6) any entities or persons that by separate Court order, upon notice and a hearing, are required to participate (collectively, the "Parties").

   b) The debtor's insurance carriers are strongly urged to participate, in order to attempt to achieve the most efficient settlement of the issues remaining in this case.

    c) No communication of any type, whether oral or written, related in any way to the mediation, may be used by any party for any purpose, including impeachment, in any arbitration, judicial, administrative or other proceeding and may not be disclosed to any non-party to the mediation.

    d) The mediation shall be held in Minneapolis, Minnesota or at such other place as determined by Judge Zive. Judge Zive will establish the schedules and procedures for the mediations sessions. All Parties and their respective counsel must comply with all directions issued by Judge Zive in this case unless otherwise ordered by the court.

    e) The mediation shall commence before <u>May 1, 2016</u> or at any other time as ordered by Judge Zive.

    f) The mediation shall be conducted by Judge Zive without cost to the estate or any other party.

    g) Judge Zive shall control moving the mediation forward.

WHEREFORE, the Diocese of Duluth respectfully requests that this court enter an order directing mediation and appointing Judge Gregg W. Zive to serve as mediator.

Dated: February 9, 2016                              Respectfully Submitted,

                                                           /e/ Bruce A. Anderson
                                                           ELSAESSER JARZABEK
                                                           ANDERSON ELLIOTT &
                                                           MACDONALD, CHTD.
                                                           Bruce A. Anderson (#3392)
                                                           J. Ford Elsaesser (#2205)
                                                           320 East Neider Avenue
                                                           Suite 102
                                                           Coeur d'Alene, ID 83815
                                                           Tel: (208) 667-2900
                                                           brucea@ejame.com
                                                           ford@ejame.com

    -and-

/e/ Phillip L. Kunkel
GRAY PLANT MOOTY
Phillip L. Kunkel (#058981)
1010 West St. Germain, Suite 500
St. Cloud, MN 56301
Tel:(320) 202-5335
Fax:(320) 252-5626
phillip.kunkel@gpmlaw.com

*Attorneys for the Diocese of Duluth*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

Diocese of Duluth,

Debtor-in-Possession.

Case No.: 15-50792

Chapter 11

**MEMORANDUM IN SUPPORT OF MOTION FOR
ORDER DIRECTING MEDIATION AND APPOINTING THE HONORABLE
GREGG W. ZIVE TO SERVE AS MEDIATOR**

**INTRODUCTION**

The debtor submits this memorandum of law in support of its accompanying motion for the relief set forth herein.

**FACTS**

The facts relevant to this memorandum are set forth in detail in the motion.

**DISCUSSION**

Local Bankruptcy Rule 9019-2 states, "[t]he court may refer any adversary proceeding or contested matter for mediation by any other federal judge or any mediator chosen by the parties." It has become commonplace for bankruptcy courts to refer parties to mediation to resolve multi-party disputes in the context of negotiating a plan of reorganization. In a number of recent diocesan cases, courts have appointed a mediator pursuant to various local rules and 11 U.S.C. § 105. *See In re Archdiocese of Milwaukee*, Case No. 11-20059 (SVK) (Bankr. E.D. Wis. Jan. 4, 2011) [Docket No. 2771]; *In re Archdiocese of Saint Paul and Minneapolis* (RJK) (Bankr. D. Minn. Jan. 16, 2015) [Docket No. 54]; *In re Catholic Bishop of Northern Alaska* (DMD) (Bankr.

D. Ala. March 1, 2008) [Docket No. 522]; *In re the Catholic Bishop of Spokane, a/k/a The Catholic Diocese of Spokane* (PCW) (Bankr. E.D. Wash. Dec. 6. 2004) [Docket No. 543].

The debtor and proposed counsel for the Official Committee of Unsecured Creditors have agreed that this case is ripe for mediation and that the Honorable Judge Gregg W. Zive should serve as the mediator.

## CONCLUSION

For the foregoing reasons, this court should grant the debtor's request and enter an order directing mediation and appointing Judge Gregg W. Zive to serve as mediator.

Dated:  February 9, 2016

/e/ Bruce A. Anderson
ELSAESSER JARZABEK
ANDERSON ELLIOTT &
MACDONALD, CHTD.
Bruce A. Anderson (#3392)
J. Ford Elsaesser (#2205)
320 East Neider Avenue
Suite 102
Coeur d'Alene, ID  83815
Tel: (208) 667-2900
brucea@ejame.com
ford@ejame.com

 -and-

/e/ Phillip L. Kunkel
GRAY PLANT MOOTY
Phillip L. Kunkel (#058981)
1010 West St. Germain, Suite 500
St. Cloud, MN  56301
Tel:(320) 202-5335
Fax:(320) 252-5626
phillip.kunkel@gpmlaw.com

*Attorneys for the Diocese of Duluth*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

Diocese of Duluth,

         Debtor-in-Possession.

Case No.: 15-50792

Chapter 11

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2016, I electronically filed the Notice of Motion and Motion for Order Directing Mediation and Appointing the Honorable Gregg W. Zive to Serve as Mediator; Memorandum of Law; and Proposed Order with the Clerk of the Court in the above-captioned matter using the CM/ECF system, which sent a Notice of Electronic Filing to the following person(s):

J. Ford Elsaesser on behalf of Debtor Diocese of Duluth
ford@ejame.com, katie@ejame.com

Michael G Finnegan on behalf of Interested Party Certain Personal Injury Creditors
mike@andersonadvocates.com, therese@andersonadvocates.com;erin@andersonadvocates.com

Robert T. Kugler on behalf of Creditor Committee Official Committee of Unsecured Creditors
robert.kugler@stinsonleonard.com, laura.schumm@stinsonleonard.com

Phillip Kunkel on behalf of Debtor Diocese of Duluth
phillip.kunkel@gpmlaw.com

Connie A. Lahn on behalf of Interested Party CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA
clahn@btlaw.com, tpaulson@btlaw.com;marobinson@btlaw.com;pgroff@btlaw.com

Robert Raschke on behalf of U.S. Trustee US Trustee
robert.raschke@usdoj.gov

US Trustee
ustpregion12.mn.ecf@usdoj.gov

Sarah J Wencil on behalf of U.S. Trustee US Trustee
Sarah.J.Wencil@usdoj.gov

    AND I FURTHER CERTIFY that on February 9, 2016, I served the same on the following Non-ECF parties, US mail, postage prepaid:

IRS DISTRICT COUNSEL
380 JACKSON STREET, SUITE 650
SAINT PAUL, MN 55101

INTERNAL REVENUE SERVICE
WELLS FARGO PLACE
30 7TH STREET
MAIL STOP 5700
ST PAUL MN 55101

MN DEPARTMENT OF REVENUE
COLLECTION ENFORCEMENT
551 BANKRUPTCY SECTION
600 NORTH ROBERT STREET
SAINT PAUL 55101

OFFICE OF THE U.S. ATTORNEY
600 US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS, MN 55415

    DATED this 9th day of February, 2016.

                                                   */s/ Bruce A. Anderson*
                                                   Bruce A. Anderson

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

Diocese of Duluth,

      Debtor-in-Possession.

Case No.: 15-50792

Chapter 11

**ORDER DIRECTING MEDIATION AND APPOINTING THE HONORABLE GREGG W. ZIVE TO SERVE AS MEDIATOR**

The Court having considered the debtor's motion to appoint a mediator, and it appearing that the relief requested is in the best interest of the debtor's estate, its creditors, and other parties in interest,

**IT IS ORDERED:**

1. The motion is granted.

2. United States Bankruptcy Judge Gregg W. Zive is appointed to serve as mediator.

3. The parties to the mediation shall include: (1) the debtor; (2) counsel for the Official Unsecured Creditors' Committee; (3) Jeff Anderson and Associates, on behalf of certain survivors; (4) other counsel, if any, on behalf of certain survivors; (5) any additional entities or persons that with Judge Zive's consent choose to participate in the mediation, and (6) any entities or persons that by separate Court order, upon notice and a hearing, are required to participate (collectively, the "Parties").

4. The debtor's insurance carriers are strongly urged to participate, in order to attempt to achieve the most efficient settlement of the issues remaining in this case.

5. No communication of any type, whether oral or written, related in any way to the mediation, shall be used by any party for any purpose, including impeachment, in any arbitration, judicial, administrative or other proceeding and may not be disclosed to any non-party to the mediation.

6. The mediation shall be held in Minneapolis, Minnesota or at such other place as determined by Judge Zive. Judge Zive will establish the schedules and procedures for the mediations sessions. The Parties and their respective counsel must comply with all directions issued by Judge Zive in this case unless otherwise ordered by the court.

7. The mediation shall commence before May 1, 2016 or at any other time as ordered by Judge Zive.

8. The mediation shall be conducted by Judge Zive without cost to the estate or any other party.

9. Judge Zive shall control moving the mediation forward.

_____
United States Bankruptcy Judge