**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor. | |

**ORDER (1) APPROVING SETTLEMENT AGREEMENT AMONG THE DEBTOR, THE PARISHES, THE CREDITORS COMMITTEE, AND FIREMAN'S FUND, (2) APPROVING THE DEBTOR'S SALE OF THE ALLEGED FIREMAN'S FUND POLICIES BACK TO FIREMAN'S FUND FREE AND CLEAR OF CLAIMS AND INTERESTS, AND (3) ENJOINING ASSERTION OF CLAIMS AGAINST FIREMAN'S FUND**

This case is before the court on the motion of the debtor pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, Fed. R. Bankr. P. 9019, and Local Rules 2002-1, 9013-1, and 9013-2 for entry of an order (1) approving a settlement set forth in the Settlement Agreement, Release, and Policy Buyback among the Debtor, the Parishes, the Committee of Unsecured Creditors, and Fireman's Fund Insurance Company, (2) authorizing the debtor to sell the Fireman's Fund Policies back to Fireman's Fund, free and clear of claims and interests of any other person or entity, (3) enjoining all claims against Fireman's Fund under the Fireman's Fund Policies, (4) approving the manner and form of notice of this motion and the proposed injunction, and (5) granting such other relief as is just and proper.

Based upon the motion and the settlement agreement, the court makes the following findings of fact and conclusions of law:

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 01/04/2018
Lori Vosejpka, Clerk, by LH

I.  **FINDINGS OF FACT**

IT IS FOUND AND DETERMINED THAT:

A.  Adequate notice of the motion and of the hearing on the motion was given by mailing a copy of the motion and notice of the hearing on the motion to: (1) the counsel for the committee; (2) all other persons or entities that, as of the date the motion was filed, had filed a notice of appearance or other demand for service of papers in this case or are otherwise entitled to notice under Local Rule 9013.3; (3) insurers that are or were parties to the declaratory judgment action brought by the Debtor and currently pending in district court as *Diocese of Duluth v. Liberty Mutual Insurance Company, et al*, Case No. 0:17-cv-03254-DWF-LIB; (4) counsel to Fireman's Fund; (5) the United States Trustee; and (6) counsel for each of the parishes named in the Settlement Agreement. In addition, the debtor published notice of the motion and notice of the hearing on the motion in the Duluth News-Tribune, the St. Paul Pioneer Press, and the Minneapolis Star-Tribune.  Such notice was good and sufficient under the circumstances to provide adequate notice to both known and unknown claimants and other parties in interest, and no other or further notice is required.

B.  Notice was sufficient to bind (1) the committee; (2) the parishes; (3) Fireman's Fund; (4) the other insurers; (5) other parties in interest; (6) all known claimants; and (7) all unknown claimants.

C.  This order and the fndings and conclusions are binding upon (1) the debtor; (2) the parishes; (3) the committee; (4) other parties in interest: (5) the other insurers; (6) all known claimants; (7) all unknown claimants; and (8) upon its creation, any trust named in any plan of reorganization filed by or on behalf of the debtor.

D.  The debtor, the parishes, the committee, and Fireman's Fund have agreed that upon the entry of this order, and the running of any applicable appeal periods related

thereto, this order shall satisfy and extinguish in full all of the obligations of Fireman's Fund under, arising out of, or relating to the Fireman's Fund policies.

E. The debtor, the parishes, the committee, and Fireman's Fund have agreed that upon the entry of this order, and the running of any applicable appeal periods related thereto, all limits of liability under the Fireman's Fund Policies are exhausted.

F. The debtor, the parishes, the committee, and Fireman's Fund have agreed that: (1) Fireman's Fund shall pay $975,000.00, as provided in the Settlement Agreement (the to the debtor or as otherwise directed by the court; and (2) the
proceeds of the settlement amount shall be used by the Debtor only to pay (i) court-approved administrative expenses including professional fees and
expenses and (ii) certain other amounts payable pursuant to a plan of reorganization filed by the debtor and the trust distribution procedures for any trust, as may be amended from time to time.

## II. CONCLUSIONS OF LAW

**IT IS ORDERED:**

1. The motion is granted and
the Settlement Agreement is approved except that if there is an inconsistency
between this order and the Settlement Agreement, this order shall control.

2. The debtor, the parishes, the committee, and Fireman's Fund shall perform their obligations pursuant to the terms and conditions of the Settlement Agreement. Notwithstanding any provision to the contrary contained in the Settlement Agreement or this order, the Settlement Agreement shall be binding only on the parties to the Settlement Agreement, the reorganized debtor, and the trust, and no other person or entity.

3. In exchange for the settlement amount, and upon payment of the same to the debtor, and without any further action being required, Fireman's Fund shall be deemed to have bought back the policies free and clear of all interests of all persons, including all interests of the debtor, the parishes, and other persons claiming coverage by, through, or on behalf of

any of the parishes, any other insurer, and any person holding a claim against any of the parishes or the debtor that arises out of, relates to, results from, or is in connection with, in whole or part, directly or indirectly, any (a) actual or alleged sexual conduct, misconduct, abuse, or molestation including actual or alleged "sexual abuse" as defined in Minnesota Statutes § 541.073, (b) indecent assault or battery, rape, lascivious behavior, undue familiarity, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, (c) contact or interactions of a sexual nature, or (d) assault, battery, corporal punishment, or other action of physical, psychological, or emotional abuse, humiliation, intimidation, or misconduct that took place in whole or in part prior to the date of
this order.

    4.    Such sale of the Fireman's Fund Policies is made by the debtor to Fireman's Fund pursuant to sections 363(b), 363(f), and 363(m) of the Bankruptcy Code.

    5.    Fireman's Fund is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code.

    6.    The consideration exchanged, including, but not limited to, the settlement amount, constitutes a fair and reasonable settlement of the parties' disputes and of their respective rights and obligations relating to the policies and constitutes reasonably equivalent value.

    7.    The releases set forth in the Settlement Agreement comply with the Bankruptcy Code and applicable non-bankruptcy law.

    8.    Upon entry of this order, the expiration of any appeal periods relating thereto, and the payment by Fireman's Fund of the settlement amount, the policies and interests shall be terminated and of no further force and effect.

    9.    Fireman's Fund's payment of the settlement amount constitutes its full and complete performance of any and all obligations under the Fireman's Fund Policies and with

respect to the foregoing interests, including any performance owed to the debtor, and exhausts all limits of liability of the Fireman's Fund Policies and with respect to the interests.

10. All interests the debtor may have had, may presently have, or in the future may have in the Fireman's Fund Policies are released pursuant to the terms of the agreement.

11. The Diocese Parties, the Parish Parties, and the committee retain all rights to seek recovery from any insurers other than the Fireman's Fund parties defined in the Settlement Agreement with respect to any claims not satisfied in full by the Settlement Agreement. Nothing in this order shall eliminate or affect any right or obligation that any insurance companies other than the Fireman's Fund Parties, including, but not limited to the other insurers, may have or may in the future have with respect to the debtor, the parishes, or the trust. Under no circumstances will any of the obligations or rights set forth in the Settlement Agreement affect the rights of the diocese, the parishes, or the trust, as applicable, to seek recovery against any insurer other than the Fireman's Fund Parties for insurance proceeds respecting tort claims not satisfied in full by the Settlement Agreement, and if any provision of the Settlement Agreement is deemed by any court of competent jurisdiction to eliminate the rights of the diocese, the parishes, or the trus to recover sums owed by any insurer other than the Fireman's Fund Parties, the provision of the Settlement Agreement at issue will be deemed to be of no force and effect, and will be considered stricken from the Settlement Agreement, but Fireman's Fund's obligation to pay the Settlement Amount and the finality of the releases set forth in the Settlement Agreement shall not be disturbed.

12. Any plan filed by the debtor shall designate the Fireman's Fund parties as settling insurers with respect to the Fireman's Fund policies in any schedule of settling insurers. The Fireman's Fund parties will be entitled to the benefit of any channeling injunction and supplemental injunction contained in any such plan.

13. The debtor shall designate the Settlement Agreement as an Insurance Settlement Agreement under any plan filed by the debtor.

**14.    Pursuant to sections 105(a) and 363 of the Bankruptcy Code, all persons and entities who have held or asserted, who presently hold or assert, or who may in the future hold or assert (a) any claim, including without limitation any tort claim, as defined in the Settlement Agreement, or interest of any kind or nature against or in the debtor's bankruptcy estate or the trust, or (b) a claim, including without limitation any tort claim, of any kind or nature against the Fireman's Fund parties, based upon the claims released in the Settlement Agreement, whenever or wherever arising or asserted (including all claims in the nature of or sounding in tort, contract, warranty or any other theory of law, equity or admiralty)  are permanently stayed,**

restrained, and enjoined from (i) asserting, enforcing, or attempting to assert or enforce any such claims or interests against the Fireman's Fund parties or any property of the Fireman's Fund parties, (ii) enforcing, attaching, collecting, or recovering, by any manner or means, from the Fireman's Fund parties or from the property of the Fireman's Fund parties, with respect to any released claim, any judgment, award, decree, or order against any Fireman's Fund parties, and (iii) continuing, commencing, or otherwise proceeding to take, or taking, any action against the Fireman's Fund parties, or the property of the Fireman's Fund parties, to enforce any released claim or for the purpose of directly or indirectly collecting, recovering, or receiving payments from the Fireman's Fund parties with respect to any such released claim; provided that, subject to the right of Fireman's Fund to cure a default in payment as set forth in the Settlement Agreement, this injunction shall become null and void if Fireman's Fund has not paid the Settlement Amount in full to the debtor as of the date that is thirty days after Fireman's Fund receives both (a) written notice from the Diocese that this order has become a final order and (b) directions as to how Fireman's Fund should transmit the settlement amount.  For the avoidance of doubt:  (i) the debtor and the trust are not stayed, restrained, or enjoined from asserting any claims that are not released claims under the Settlement Agreement; and (ii) the other insurers are not stayed, restrained, or enjoined from asserting contribution, subrogation, indemnification,

**reimbursement, or other similar claims that are not based upon released claims; and (iii) the Fireman's Fund parties may assert any and all defenses, claims, interests, rights, and remedies to or relating to any claims that are not stayed, restrained, or enjoined.**

15. The debtor and Fireman's Fund shall, within twenty days after the entry of this order and payment of the settlement amount, file with the district court in the coverage litigation a stipulation of dismissal with prejudice of all claims, rights, and remedies relating to the Fireman's Fund policies.

16. This order shall not limit or preclude the entry or effectiveness of any injunction that may be granted in connection with, or as part of, any order confirming the plan, including, without limitation, the benefit of an injunction that may be provided to the Fireman's Fund parties with respect to rights of contribution, subrogation, reimbursement, indemnification, or similar claim that any other insurer may have or may in the future have against any of the Fireman's Fund parties.

17. Notwithstanding anything to the contrary contained in this order, the motion or the Settlement Agreement, any of the other insurers that asserts that it has or may have a contribution, subrogation, indemnification, reimbursement, or other similar claim against the Fireman's Fund Parties in connection with coverage for released claims, and which, prior to the date of this order, has asserted such claim against Fireman's Fund in the Coverage Litigation, may assert and fully prosecute such claim as a counterclaim, defense, or otherwise as an offset against any claim for coverage for underlying released claims that the debtor, the parishes, or the trust may assert against such insurer. If such other insurer
obtains a judicial determination or binding arbitration award that it is entitled to obtain a sum certain from any of the Fireman's Fund Parties as a result of such claim for contribution, subrogation, indemnification, or other similar claim for the Fireman's Fund parties' alleged share or equitable share, or to enforce subrogation rights, if any, with respect to the defense or indemnity obligation of the Fireman's Fund parties for any claims or reimbursement obligations for conditional payments released or resolved under the agreement, the diocese parties or the

7

parish parties shall reduce their judgment or claim against, or

settlement with, such other insurers to the extent necessary to satisfy such contribution, subrogation, indemnification, or other claims against the Fireman's Fund Parties. Under no circumstances shall any of the Fireman's Fund parties be required to pay any additional amounts to another insurer, the debtor, the parishes, or the trust as a result of or related to any judgment reduction.

18.  The court retains jurisdiction to resolve any disputes that may arise between or among the parties in respect of the implementation of the Settlement Agreement, which shall be construed in accordance with Minnesota law, or the interpretation or enforcement of this order.

19.  The Settlement Agreement and this order are binding upon the parties to the Settlement Agreement, the reorganized debtor, and the trust, and shall survive confirmation of any plan of reorganization of the debtor.

Dated:    January 4, 2018

/e/ Robert J. Kressel
_____
United States Bankruptcy Judge