## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

### LIMITED OBJECTION OF THE CONTINENTAL INSURANCE COMPANY TO DEBTOR'S MOTION FOR AN ORDER APPROVING THE SETTLEMENT AGREEMENT, RELEASE, AND POLICY BUYBACK BETWEEN THE DEBTOR, THE PARISHES, THE CONTINENTAL INSURANCE COMPANY, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS.

The Continental Insurance Company ("Continental") hereby submits this limited objection to the debtor's motion for an order approving the settlement agreement, release, and policy buyback between debtor, the parishes, The Continental Insurance Company, and the Official Committee of Unsecured Creditors filed on June 13, 2018 [Docket No. 338] (the "Approval Motion"), as follows:

1. The debtor filed the Motion seeking relief under Sections 105(a) and 363(b), (f), and (m) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7052, 9014, and 9019, and Local Rules 2002-1, 9013-1, and 9013-2 for entry of an order (1) approving the settlement set forth in the *Settlement Agreement, Release, and Policy Buyback* attached to the motion as Exhibit A (the "Settlement Agreement"), (2) authorizing the debtor to sell the Diocese Policies (as defined in the Settlement Agreement), (3) enjoining all claims against Continental under the Diocese Policies, (4) approving the manner and form of notice of the motion and the proposed injunction, and (5) granting such other relief as is just and proper.

2. The Settlement Agreement defines "Approval Order" as "the order granting the Approval Motion described in Section 2 of this Settlement Agreement and providing the relief described in Section 4.8 of this Settlement Agreement in form and substance acceptable to Continental in its sole discretion."

3. The proposed form of order submitted with the Approval Motion does not meet the requirements for the Approval Order contained in the Settlement Agreement, and thus Continental objects to the entry of that order.

4. The parties to the Settlement Agreement have negotiated the form of Approval Order attached to this response as "Exhibit A" and incorporated herein by reference as satisfying the requirements of the Settlement Agreement. Counsel for the debtor and the committee have both confirmed their consent to the attached Approval Order.

WHEREFORE, Continental respectfully requests entry of the Approval Order in the form of the attached Exhibit A; and such other and further relief as the Court deems just and equitable.

Dated: June 22, 2018
Minneapolis, Minnesota

**THE CONTINENTAL INSURANCE COMPANY**

By its attorneys,

/e/ Jeffrey D. Klobucar
Jeffrey D. Klobucar (#0389360)
**BASSFORD REMELE, P.A.**
100 South Fifth Street, Suite 1500
Minneapolis, Minnesota 55402-3707
T: 612-333-3000
F: 612-376-1239
E: jklobucar@bassford.com

*and*

/s/ David Christian
David Christian (*pro hac vice*)
**DAVID CHRISTIAN ATTORNEYS LLC**

2

3515 West 75th Street, Suite 208
Prairie Village, Kansas 66208
T: 913-674-8215
E: dchristian@dca.law

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

In re:                                                                  Case No.: 15-50792

Diocese of Duluth,                                              Chapter 11

        Debtor-in-Possession.

---

**ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE DIOCESE, THE PARISHES, THE CONTINENTAL INSURANCE COMPANY AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

---

This matter came before the court on the debtor's motion for an order approving the settlement agreement, release, and policy buyback between debtor, the parishes, The Continental Insurance Company, and the Official Committee of Unsecured Creditors filed on June 13, 2018 [Docket No. 338] pursuant to Sections 105(a) and 363(b), (f), and (m) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7052, 9014, and 9019, and Local Rules 2002-1, 9013-1, and 9013-2 for entry of an order (1) approving the settlement set forth in the *Settlement Agreement, Release, and Policy Buyback* attached to the motion as Exhibit A, (2) authorizing the debtor to sell the Diocese Policies, (3) enjoining all claims against Continental under the Diocese Policies, (4) approving the manner and form of notice of the motion and the proposed injunction, and (5) granting such other relief as is just and proper.

Based upon the motion and the settlement agreement, the court makes the following findings of fact and conclusions of law:

I.      FINDINGS OF FACT

      IT IS FOUND AND DETERMINED THAT:

A. Adequate notice of the motion and of the hearing on the motion was given by mailing a copy of the motion and notice of the hearing on the motion to: (1) counsel for the committee, (2) all other persons or entities that, as of the date the motion was filed, had filed a notice of appearance or other demand for service of papers in this case or are otherwise entitled to notice under Local Rule 9013-3, (3) insurers that are or were parties to the declaratory judgment action brought by the debtor and currently pending in district court as *Diocese of Duluth v. Liberty Mutual Insurance Company, et al.*, Case No. 0:17-cv-03254-DWF-LIP, (4) counsel to Continental, (5) the United States Trustee, and (6) counsel for each of the parishes named in the settlement agreement.

B. The debtor, the parishes, the committee, and Continental have agreed that, upon the occurrence (or waiver) of the conditions contained in the settlement agreement and payment of the settlement amount by Continental, and the running of any applicable appeal periods, this order shall satisfy and extinguish in full all of the obligations of Continental under, arising out of, or relating to the Diocese Policies.

C. The debtor, the parishes, the committee, and Continental have agreed that, upon the occurrence (or waiver) of the conditions contained in the settlement agreement and payment of the settlement amount by Continental, and the running of any applicable appeal periods, all limits of liability under the Diocese Policies are exhausted.

II. CONCLUSIONS OF LAW

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The motion is granted and the settlement agreement is approved.

2. The debtor, the parishes, the committee, and Continental shall perform their obligations pursuant to the terms and conditions of the settlement agreement.

3. In exchange for the settlement amount, and upon payment of the same to the debtor, and without any further action being required, Continental shall be deemed to have bought back the Diocese Policies free and clear of all interests of all entities, including all interests of the debtor, the parishes, and other persons claiming coverage by, through, or on behalf of the debtor, any of the parishes, any other insurer, and any entity holding a claim against any of the debtor or its parishes.

4. Such sale of the Diocese Policies is made by the debtor to Continental pursuant to Sections 363(b), (f), and (m) of the Bankruptcy Code.

5. Continental is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code.

6. The consideration exchanged, including the settlement amount, constitutes a fair and reasonable settlement of the parties' disputes and of their respective rights and obligations relating to the Diocese Policies and constitutes reasonably equivalent value.

7. The releases set forth in the settlement agreement comply with the Bankruptcy Code and applicable nonbankruptcy law.

8. Upon entry of this order, the expiration of any appeal periods related thereto, and the payment by Continental of the settlement amount after the occurrence (or waiver) of the conditions contained in the settlement agreement, the Diocese Policies and interests shall be terminated and of no further force and effect.

9. Continental's payment of the settlement amount constitutes its full and complete performance of any and all obligations under the Diocese Policies and with respect to the foregoing interests, including any performance owed to the debtor and its bankruptcy estate, and exhausts all limits of liability of the Diocese Policies and with respect to the interests.

10. Upon the occurrence (or waiver) of the conditions contained in the settlement agreement and payment of the settlement amount by Continental, all interests the debtor may have had, may presently have, or in the future may have in the Diocese Policies are released pursuant to the terms of the settlement agreement.

11. This order shall not limit or preclude the entry or effectiveness of any injunctions that may be granted or protect Continental in connection with, or as a part of, any order confirming a chapter 11 plan, as required as a condition to payment of the settlement amount under the settlement agreement or otherwise, including with respect to rights of contribution, subrogation, reimbursement, indemnification, or similar claim.

12. The court retains jurisdiction to resolve any disputes that may arise in respect of the implementation of the settlement agreement, which shall be construed in accordance with Minnesota law, or the interpretation or enforcement of this order.

13. The settlement agreement and this order are binding upon the parties to the settlement agreement, the reorganized debtor, any trust or trustee for the debtor, its assets, or its liabilities, and shall survive the confirmation of any plan of reorganization for the debtor.

Dated:_____

 _____
 United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

**DECLARATION FOR PROOF OF SERVICE**

I, Jeffrey D. Klobucar, an attorney licensed to practice law in this Court, with an office address of 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402 declare that on June 21, 2018 I caused the following documents:

- **Limited Objection of the Continental Insurance Company to Debtor's Motion for an Order Approving the Settlement Agreement, Release, and Policy Buyback Between the Debtor, the Parishes, The Continental Insurance Company, and the Official Committee of Unsecured Creditors with Exhibit A (Proposed Order); and**
- **Declaration for Proof of Service.**

to be filed electronically with the Clerk of the Bankruptcy Court through ECF, and that ECF will send an e-notice of the electronic filing to all parties requesting such notice.

I further declare that I caused a copy of the foregoing documents to be mailed to the following non-ECF participants by enclosing in an envelope and mailed by First Class Mail with postage prepaid and depositing same in the post office at Minneapolis, Minnesota:

| | | |
|---|---|---|
| IRS District Counsel | Internal Revenue Service | MN Department Of Revenue |
| 380 Jackson Street, Suite 650 | Wells Fargo Place | Collection Enforcement |
| Saint Paul, MN 55101 | 30 7th Street | 551 Bankruptcy Section |
| | Mail Stop 5700 | 600 North Robert Street |
| | St Paul, MN 55101 | Saint Paul, MN 55101 |

Office Of The U.S. Attorney
600 Us Courthouse
300 South Fourth Street
Minneapolis, MN 55415

    And I declare, under penalty of perjury, that the foregoing is true and correct.

                              Respectfully submitted,

Dated: June 21, 2018              By:  */e/  Jeffrey D. Klobucar*
                                             Jeffrey D. Klobucar (MN #389368)