UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor. | |

**NOTICE OF HEARING AND MOTION FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

**TO: The parties-in-interest specified in Local Rule 9013-3.**

1. Jacquelyn Paaso, by her undersigned attorney, moves this Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion for an order granting relief from the automatic stay on **Thursday, July 26, 2018 at 9:00 AM** in Courtroom 8 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3. Any response to this motion must be filed and delivered not later than **July 21, 2018**, which is five (5) days prior to the time set for the hearing, including Saturdays, Sundays and holidays.  **UNLESS A REPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure, and Local Rule 1070-1. This is a core proceeding.

5. The petition commencing this chapter 11 case was filed on July 10, 2015 ("Petition Date"). The case is now pending in this Court.

6. This motion arises under 11 U.S.C. § 362(d) and Federal Rule of Bankruptcy Procedure 4001(d). This motion is filed under Local Rules 9013-1 to 9013-3.

7. Jacquelyn Paaso requests an Order Granting Relief from the Automatic Stay and authorizing the parties to prosecute and defend a pending civil action in Minnesota District Court for the Sixth Judicial District, only as to the Debtor's insurance carrier.

## FACTUAL BACKGROUND

8. The debtor is managing its estate as debtor-in-possession pursuant to § 1107 and 1108 of the Bankruptcy Code.

9. Jacquelyn Paaso has alleged in a Complaint served upon Debtor on April 18, 2017 that, on January 3, 2014, following her usual, customary, and scheduled volunteer service as an Adorer at the Holy Innocents Perpetual Adoration Chapel adjoining St. Mary Star of the Sea Church in Duluth, Minnesota, she left the Church, using the provided exit, and walked towards the provided parking spaces. Ms. Paaso further alleges that the failure to maintain the gutter and downspout

utility of the Church had caused a pool of water to exist in the pathway between the exit door and Ms. Paaso provided parking spot, which turned to ice in the winter conditions. Ms. Paaso further alleges that this icy condition, created by the Church's delayed maintenance, was known to the Church, but obscured from Ms. Paaso by a trace covering of snow and that, upon this defect, she was caused to fall, injuring her left shoulder, left arm and elbow, and low back. Ms. Paaso further alleges that the low back condition quickly resulted in radicular symptoms in her lower left extremity. Ms. Paaso initiated suit against Debtor and St. Mary Star of the Sea Church. The lawsuit initiated by Ms. Paaso is subject to the stay imposed by this Court. Because of this stay, this lawsuit may be neither prosecuted nor defended. The lawsuit was filed with the District Court pursuant to Rule 5 of the Minnesota Rules of Civil Procedure, which mandates filing within one year of service upon any Defendant. The matter is pending a Scheduling Conference, which may not occur due to the stay imposed by this Court. Ms. Paaso desires to determine whether or not this matter can be resolved by agreement within the bounds of policies of premises liability insurance covering this loss. It is the position of Ms. Paaso that the proceeds of Debtor's policies of liability insurance, which may only pay out as and for reparation of the loss incurred by Ms. Paaso upon the property of Debtor and its subsidiary church, does not amount to an asset held in trust for the class of debtors in the bankruptcy matter and that, as

such, the remaining class of debtors would not be harmed by a lifting of the stay to allow negotiation and/or litigation of this dispute to move forward. Debtor, through counsel in an email dated June 12, 2018, indicated that it does not oppose the lifting of the stay as to this dispute and limited to the proceeds of Debtor's applicable liability insurance coverages.

10. The St. Mary Star of the Sea parish is not subject to the jurisdiction of this Court or the bankruptcy of Debtor and is only subject to the automatic stay by virtue of the involvement of Debtor precluding all action on this dispute. On information and belief, St. Mary Star of the Sea parish has separate and distinct policies of liability insurance applicable to this dispute.

11. Ms. Paaso filed a claim in this bankruptcy in order to preserve this cause of action and is a Creditor to the extent of that claim.

## RELIEF REQUESTED

12. By this motion, Ms. Paaso requests that the Court enter an order, a proposed form of which is attached hereto, lifting the automatic stay for the limited purposes of (a) allowing Jacquelyn Paaso to prosecute through final judgment, including any and all appeals and remands, and collect upon any final judgment it may receive and to defend against all counterclaims that may be asserted in the Lawsuit; and (b) allowing the Debtor to defend against all claims that may be asserted by Jacquelyn Paaso in the Lawsuit and prosecute through final judgment,

including any and all appeals and remands, and all counterclaims against the debtor in the Lawsuit, provided that any judgment for monetary damages shall be enforced only as against the Debtor's insurance carrier.

13. This limited relief from the stay will promote judicial economy and is limited in scope.

WHEREFORE, Ms. Paaso moves the Court for an order lifting the Automatic Stay lifting the automatic stay for the limited purposes of (a) allowing Jacquelyn Paaso to prosecute through final judgment, including any and all appeals and remands, and collect upon any final judgment it may receive and to defend against all counterclaims that may be asserted in the Lawsuit; and (b) allowing the Debtor to defend against all claims that may be asserted by Jacquelyn Paaso in the Lawsuit and prosecute through final judgment, including any and all appeals and remands, and all counterclaims against the debtor in the Lawsuit, provided that any judgment for monetary damages shall be enforced only as against the Debtor's insurance carrier.

Dated: Tuesday, July 10, 2018

VUKELICH LAW FIRM, PLLC

/s/ J. Vukelich
John E. Vukelich (#113347)
601 Alworth Building
306 West Superior Street
Duluth, MN 55802

*Counsel for Jaquelyn Paaso*

## VERIFICATION

I, John E. Vukelich, counsel for Jacquelyn Paaso, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: Tuesday, July 10, 2018

VUKELICH LAW FIRM, PLLC

*/s/ J. Vukelich*

John E. Vukelich (#113347)
601 Alworth Building
306 West Superior Street
Duluth, MN 55802

*Counsel for Jaquelyn Paaso*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No.:  15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor. | |

# MEMORANDUM OF FACTS AND LAW SUPPORTING MOTION FOR ORDER APPROVING STIPULATION FOR RELIEF FROM AUTOMATIC STAY

## INTRODUCTION

Creditor Jacquelyn Paaso seeks approval of a stipulation related to relief from the automatic stay to the extent necessary for Ms. Paaso and the Debtor to pursue the pending Lawsuit, limited so as that Ms. Paaso may only enforce judgement against Debtor's liability insurance carrier and to the extent of the applicable policy coverage limits.  As the grant of this relief would not invade or diminish the assets under bankruptcy trust to satisfy claims of other Debtors the Court should approve Ms. Paaso's request.

## FACTS

The facts in support of this memorandum of law are set forth in the verified motion.

**ARGUMENT**

A party may move the Court for an Order granting relief from the automatic stay. Fed. R. Bankr. P. 4001(a)(1)(A)(iii). If no objection is filed, the Court may enter an order approving or disapproving the agreement without conducting a hearing. Fed. R. Bankr. P. 4001(d)(3). Jacquelyn Paaso seeks such an Order. Debtor, through counsel, has indicated that it would not oppose such relief.

Ms. Paaso, a Creditor of Debtor with relation to a premises liability negligence claim, seeks the automatic stay in favor of Debtor be lifted, but only to the extent to which per incident liability insurance coverages exist. Debtor had, on the date of the injury, a policy or policies of liability insurance granting coverage on a per incident basis. The coverages afforded by this policy or these policies cannot, by their terms, pay out to anyone other than a person injured in the incident upon which the claim was based. As the funds representing these coverages could not be awarded to Debtor itself, they do not represent assets of the Debtor to be held in trust for the class of Creditors participating in the bankruptcy and protected by the automatic stay. Therefore, application of the automatic stay will not result in additional protection for the class of Creditors. As such, judicial economy is best served by lifting of the automatic stay as to Ms. Passo's claim, but only to the extent to which per incident liability coverage applicable to her claim exists.

## CONCLUSION

1.      Jacquelyn Paaso seeks relief from the automatic stay for the limited purposes of (a) allowing her to prosecute through final judgment, including any and all appeals and remands, and collect upon any final judgment it may receive and to defend against all counterclaims that may be asserted in the Lawsuit; and (b) allowing the Debtor to defend against all claims that may be asserted by Jacquelyn Paaso in the Lawsuit and prosecute through final judgment, including any and all appeals and remands, and all counterclaims against the debtor in the Lawsuit, provided that any judgment for monetary damages shall be enforced only as against the debtor's insurance carrier.

The Court, therefore, should grant Ms. Paaso's motion for an Order granting relief from the automatic stay as to her cause of action against Debtor in Minnesota District Courts for the Sixth Judicial District.

Dated: Tuesday, July 10, 2018

VUKELICH LAW FIRM, PLLC

/s/ J. Vukelich
John E. Vukelich (#13347)
601 Alworth Building
306 West Superior Street
Duluth, MN 55802

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MINNESOTA

In re:

Diocese of Duluth,

Debtor-in-Possession.

Case No.: 15-50792

Chapter 11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on Monday, July 9, 2018, the *NOTICE OF HEARING AND MOTION FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY* was filed in the above-captioned matter using the CM/ECF system, which sent a Notice of Electronic Filing to the following person(s):

Nancy D. Adams on behalf of Counter-Claimant and Defendant Liberty Mutual Group, Inc.
ndadams@mintz.com

Nancy D. Adams on behalf of Interested Party Liberty Mutual Insurance Company
ndadams@mintz.com

Jeffrey R Anderson on behalf of Interested Party Certain Personal Injury Creditors
jeff@andersonadvocates.com, therese@andersonadvocates.com;erin@andersonadvocates.com

Phillip J Ashfield on behalf of Creditor Committee Official Committee of Unsecured Creditors phillip.ashfield@stinsonleonard.com, laura.schumm@stinsonleonard.com

Teri E. Bentson on behalf of Counter-Claimant Liberty Mutual Group
teri.bentson@libertymutual.com

Kristi K. Brownson on behalf of Defendant, Counter-Claimant and Cross Defendant LIBERTY MUTUAL GROUP, INC. kbrownson@brownsonlinnihan.com, lwaskosky@brownsonlinnihan.com

Kristi K. Brownson on behalf of Interested Party Liberty Mutual Insurance Company kbrownson@brownsonlinnihan.com, lwaskosky@brownsonlinnihan.com

Edwin H. Caldie on behalf of Creditor Committee Official Committee of Unsecured Creditors Edwin.Caldie@stinsonleonard.com, laura.schumm@stinsonleonard.com

David C. Christian, II on behalf of Interested Party Continental Insurance Company dchristian@davidchristianattorneys.com

Benjamin J. Court on behalf of Creditor Committee Official Committee of Unsecured Creditors benjamin.court@stinson.com, aong.moua@stinson.com;laura.schumm@stinson.com

Everett J Cygal on behalf of Interested Party CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, ecygal@schiffhardin.com

Louis T DeLucia on behalf of Interested Party CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, ldelucia@schiffhardin.com, jacquaviva@schiffhardin.com;afiedler@schiffhardin.com

Alyson M Fiedler on behalf of Interested Party CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, afiedler@schiffhardin.com, jacquaviva@schiffhardin.com

Michael G Finnegan on behalf of Interested Party Certain Personal Injury Creditors mike@andersonadvocates.com, therese@andersonadvocates.com;erin@andersonadvocates.com

Charles E. Jones on behalf of Defendant, Counter-Claimant and Cross Defendant FIREMAN'S FUND INSURANCE COMPANY, charles.jones@lawmoss.com, Brenda.murphy@lawmoss.com

John D Kelly on behalf of Interested Party Parishes of Diocese of Duluth jdk@hanftlaw.com, saw@hanftlaw.com;dar@hanftlaw.com

Jeffrey D Klobucar on behalf of Interested Party Continental Insurance Company jklobucar@bassford.com, mmooney@bassford.com

Robert T. Kugler on behalf of Creditor Committee Official Committee of Unsecured Creditors
robert.kugler@stinson.com, laura.schumm@stinson.com

Phillip Kunkel on behalf of Debtor 1 Diocese of Duluth phillip.kunkel@gpmlaw.com

Connie A. Lahn on behalf of Interested Party CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, clahn@btlaw.com,
tpaulson@btlaw.com;marobinson@btlaw.com;pgroff@btlaw.com

Greta A. Matzen on behalf of Continental Insurance Group, Greta.Matzen@cna.com

Abigail M McGibbon on behalf of Debtor 1 Diocese of Duluth
abigail.mcgibbon@gpmlaw.com

Laura K. McNally on behalf of Interested Party Continental Insurance Company
lmcnally@loeb.com, chdocket@loeb.com;tmcintyre@loeb.com

Brittany Mitchell on behalf of Creditor Committee Official Committee of Unsecured Creditors
brittany.mitchell@stinson.com, laura.schumm@stinson.com

James R. Murray on behalf of Debtor 1 Diocese of Duluth jmurray@blankrome.com

Christian A. Preus on behalf of Cross Defendant CHURCH MUTUAL INSURANCE COMPANY, cpreus@bassford.com, pcarter@bassford.com

Christian A. Preus on behalf of Defendant CHURCH MUTUAL INSURANCE COMPANY
cpreus@bassford.com, pcarter@bassford.com

Beth A. Jenson Prouty on behalf of Defendant CHURCH MUTUAL INSURANCE COMPANY bprouty@bassford.com, dpelzel@bassford.com

Robert Raschke on behalf of U.S. Trustee US Trustee robert.raschke@usdoj.gov

Andrea E. Reisbord on behalf of Continental Insurance Company, areisbord@bassford.com

Daniel J Schufreider on behalf of Interested Party CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, dschufreider@schiffhardin.com

David M Spector on behalf of Interested Party CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, dspector@schiffhardin.com, jacquaviva@schiffhardin.com;ecygal@schiffhardin.com;cmethven@schiffhardin.com

Laura B Stephens on behalf of Counter-Claimant Liberty Mutual Group
lbstephens@mintz.com

Laura B Stephens on behalf of Interested Party Liberty Mutual Insurance Company
lbstephens@mintz.com

Scott E. Turner on behalf of Continental Insurance Group scott.turner@cna.com

US Trustee, ustpregion12.mn.ecf@usdoj.gov

Jeanne H. Unger on behalf of Counter-Claimant The Continental Insurance Company
junger@bassford.com, mmooney@bassford.com

Jeanne H. Unger on behalf of Cross-Claimant The Continental Insurance Company
junger@bassford.com, mmooney@bassford.com

Jeanne H. Unger on behalf of Defendant The Continental Insurance Company
junger@bassford.com, mmooney@bassford.com

Darin J Van Thournout on behalf of Interested Party Continental Insurance Company
dvanthournout@dca.law

Kevin J Walsh on behalf of Counter-Claimant Liberty Mutual Group kwalsh@mintz.com, jcannata@mintz.com

Sarah J Wencil on behalf of U.S. Trustee US Trustee Sarah.J.Wencil@usdoj.gov

Jared Zola on behalf of Debtor 1 Diocese of Duluth, jzola@blankrome.com, nylitigationdocketing@blankrome.com, jcarter@blankrome.com

Mary F. Sieling on behalf of Bankruptcy Trustee mary@mantylaw.com

AND I FURTHER CERTIFY that on Monday, July 9, 2018, I served the same on the Non-ECF parties listed below by U.S. mail, postage prepaid:

IRS DISTRICT COUNSEL
380 JACKSON STREET, SUITE 650
SAINT PAUL, MN 55101

INTERNAL REVENUE SERVICE
WELLS FARGO PLACE
30 7TH STREET, MAIL STOP 5700
ST PAUL MN 55101

MN DEPARTMENT OF REVENUE COLLECTION ENFORCEMENT
551 BANKRUPTCY SECTION
600 NORTH ROBERT STREET
SAINT PAUL, MN 55101

OFFICE OF THE U.S. ATTORNEY
600 US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS, MN 55415

I hereby certify and attest, under penalty of perjury, that the above is true and correct to the best of my knowledge.

Dated: Tuesday, July 10, 2018

_____
John E. Vukelich

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

Diocese of Duluth,

Debtor.

Case No.: 15-50792

Chapter 11

## ORDER GRANTING RELIEF FROM AUTOMATIC STAY

This case is before the Court on the motion of Jacquelyn Paaso for an Order granting relief from the automatic stay imposed by 11 U.S.C. § 362(a).

Based on the record,

**IT IS ORDERED:**

1. Relief from stay is granted as follows.

    a) Jacquelyn Paaso is granted relief from the automatic stay for the limited purpose of prosecuting through final judgment, including any and all appeals and remands, and collecting upon any final judgment it may receive and to defend against all counterclaims that may be asserted in the Lawsuit.

    b) The Debtor is granted relief from the automatic stay for the limited purpose of defending against all claims that may be asserted by Jacquelyn Paaso the debtor in the Lawsuit and prosecuting through final judgment, including any and all

    appeals and remands, and all counterclaims against the debtor in the Lawsuit, provided that any judgment for monetary damages shall be enforced only as against the debtor's insurance carrier.

2. Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.

Date: _____

                                                        _____
United States Bankruptcy Judge