UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Diocese of Duluth,                                  Case No.:  15-50792

                    Debtor.                         Chapter 11

## ORDER APPROVING DISCLOSURE STATEMENT AND ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES

A hearing having been held on August 22, 2019 to consider the proposed disclosure statement dated July 7, 2019, filed by the plan proponents on August 16, 2019 and (ii) establishing the procedures for solicitation and tabulation of votes to accept or reject the plan pursuant to Sections 1125 and 1126 of the Bankruptcy Code and Rules 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure and it appearing from the affidavit of service that proper and timely notice of the hearing has been given; and it appearing that such notice was adequate and appropriate with respect to all affected parties; and appearancess having been noted in the record; and the court having considered the adequacy of the First Modified Joint Disclosure Statement for Chapter 11 Plan of Reorganization Proposed by the Diocese of Duluth and the committee of unsecured creditors and the materials to be transmitted therewith

IT IS ORDERED,

1.    The disclosure statement dated July 7, 2019 and filed on August 16, 2019 is approved as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 08/27/2019
Lori Vosejpka, Clerk, by LH

1

    a.     The timeline approved in this order are:

    b.     Confirmation Hearing – October 21, 2019, 11:00 a.m.;

    c.     Deadline to object to confirmation of the Plan – October 14, 2019;

    d.     Commencement of ballot solicitation and service of Solicitation Packages – 15 days after entry of this order;

    e.     Deadline for Rule 3018(a) motions – 21 days before the confirmation hearing; and,

    f.     Voting Deadline – October 14, 2019.

2.     The debtor shall mail solicitation packages containing copies of (i) this order, (ii) the Notice of Disclosure Statement Approval and Confirmation Hearing and (iii) the approved disclosure statement and (iv) the plan.  Solicitation packages will be mailed no later than 15 days after the date of this order to (i)  all persons or entities that filed proofs of claim on or before the date of the Notice of Disclosure Statement Approval and Confirmation Hearing, except to the extent that a claim was paid pursuant to, or expunged by, prior order, (ii) all persons or entities listed in the debtor's schedules of assets and liabilities, (iii) all parties to executory contracts listed in the schedules, (iv) the IRS, (vi) any entity that has filed a notice of transfer of a claim under Bankruptcy Rule 3001(e) prior to the date of the Notice of Disclosure Statement Approval, (vi) any other known holders of claims against the debtor, (vii) state and local taxing authorities, and (viii) the Attorney General for Minnesota.

3.     In the case of Class 3 Claimants, the debtor may serve one (1) Solicitation Package on the counsel of record for all of such counsel's clients, provided that each counsel will receive a separate ballot for each client. On request, the debtor will provide counsel with additional Solicitation Packages.

2

4.     In addition, pursuant to Bankruptcy Rule 3017(c), the form ballots substantially in the forms annexed to the motion as "**Exhibit B**" and for which social security numbers are removed are approved and shall be distributed, along with a postage prepaid return envelope addressed to the clerk,  to the known holders of claims in those classes which are entitled to accept or reject the plan.

5.     In order to be counted as a vote to accept or reject the plan, a ballot must be properly executed, completed and filed no later than October 14, 2019.

6.     Solely for the purpose of voting to accept or reject the plan and not for the purpose of allowance of or distribution on account of a claim, and without prejudice to the rights of the debtor in any other context, each claim within a class of claims entitled to vote to accept or reject the plan is temporarily allowed in an amount equal to the amount of such claim as set forth in a timely filed proof of claim or, if no proof of claim was filed, the amount of such claim as set forth in the schedules; provided, however, that:

(a)     If a claim is deemed allowed in accordance with the plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the plan;

(b)     If a claim has been estimated or otherwise allowed for voting purposes by the court, such claim is temporarily allowed in the amount so estimated or allowed for voting purposes only, and not for purposes of allowance or distribution;

(c)     If a claim is listed in the schedules at zero or as contingent, unliquidated, or disputed or a proof of claim was not (i) filed by the applicable date for the filing of proofs of claim established by the court or (ii) deemed timely filed by the court prior to the voting deadline, unless the debtor has consented in writing, such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(d)     If the debtor has served an objection to a claim at least ten days before the voting deadline, the creditor whose claim is the subject of the objection

shall receive a ballot pre-printed with the amount sought by the debtor in such objection, and;

(e)     As to Class 3 claims, each claim will be temporarily allowed for voting purposes only in the amount of $1.00.

In accordance with paragraph 7(e), this temporary allowance is solely for purposes of voting to accept or reject the plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the debtor in any other context. This temporary allowance is not intended to affect, impair or diminish the tort claimants' rights against the reorganized debtor or co-defendants.

Any creditor that challenges the allowance of its claim for voting purposes pursuant to the foregoing paragraph of this order shall serve upon (a) attorneys for the debtor, Elsaesser Anderson, Chtd., Ford Elsaesser, Esq. and Bruce A. Anderson, Esq., 320 East Neider Avenue, Suite 102, Coeur d'Alene, ID 83815 and; (b) attorneys for the committee, Stinson LLP, Robert T. Kugler and Edwin H. Caldie, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, and file an objection.  The ballot in question shall not be counted unless temporarily allowed by the court for voting purposes, after notice and a hearing.

7.     The debtor is not required to provide ballots to the holders of claims in Class 1 and Class 2.  The members of the foregoing classes shall receive a Notice of Non-Voting Status substantially in the forms annexed to the Motion as "**Exhibit C**" along with copies of this order and the Notice of Disclosure Statement Approval and Confirmation Hearing.

8.     The debtor shall utilize the following procedures in mailing Solicitation Packages:

(a)     Creditors in any given class who hold multiple or duplicate claims against the debtor in a single class shall receive only one solicitation package and one ballot;

(b)    Creditors who hold multiple or duplicate claims against the debtor in multiple classes shall receive only one solicitation package and one ballot;

(c)    Creditors who have filed proofs of claim on or before the claims filing deadline and who are also listed in the schedules shall receive only one solicitation package and one ballot;

(d)    Creditors who have provided more than one address shall receive one solicitation package and one ballot for each address provided, and;

(e)    In the case of Class 3 claimants, the debtor shall send that ballot to counsel of record for all of such counsel's clients.  counsel of record will be ascertained based on the creditor's proof of claim or a notice of appearance.

9.    In tabulating the ballots, the following additional procedures shall be utilized:

(a) omitted; (b) omitted; (c) omitted; (d) if a creditor or any person acting on behalf of a creditor casts more than one ballot voting the same claim or interest before the voting deadline, the latest dated ballot received before the voting deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots; (e) creditors must vote all of their claims or interests within a particular class, either to accept or reject the plan and may not split their votes within a particular class; and (f) the person signing the creditor's proof of claim may complete and sign the creditor's ballot.

10.    The following ballots shall not be counted or considered for any purpose in determining whether the plan has been accepted or rejected:

(a)    any ballot received after the voting deadline unless the debtor shall have granted in writing an extension of the voting deadline with respect to such ballot;

(b)    any ballot that is illegible or contains insufficient information to permit the identification of the creditor;

(c)    any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the plan;

(d)    any ballot cast for a claim scheduled in the amount of $0, or as unliquidated, contingent, or disputed for which no proof of claim was timely filed;

      (e)      any unsigned ballot, and;

      (f)      any ballot transmitted by facsimile, email or other electronic means.

11.     In addition to the debtor's right to solicit acceptance of the plan, the debtor is permitted to contact creditors and interest holders in an attempt to cure the deficiencies specified herein.

12.     For purposes of determining whether the numerosity and claim or interest amount requirements of Sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the debtor shall tabulate only those ballots cast by the voting deadline.

13.     Mailing the Solicitation Packages in accordance with this order constitutes adequate notice of the confirmation hearing and the voting deadline under Bankruptcy Rule 3017(d).

Dated:  August 27, 2019

/e/ Robert J. Kressel

UNITED STATES BANKRUPTCY JUDGE