**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Case No.: 15-50792 |
| Diocese of Duluth, | |
| Debtor. | Chapter 11 |

**NOTICE OF TRUST CLOSING AND DESTRUCTION OF TRUST RECORDS AND FINAL REPORT AND ACCOUNTING OF TRUSTEE**

DW Harrow & Assoc., LLC, solely in its capacity as trustee (the "Trustee") of the Diocese of Duluth Settlement Trust (the "Trust"), hereby submits this Notice of Trust Closing and Destruction of Trust Records, and final report and accounting ("Report") which covers the time period of October 21, 2019 to November 22, 2022 (the "Final Reporting Period"). All capitalized terms not defined herein have the meaning given them in the Plan, ECF 413, or the Trust Agreement, ECF 413-1. **ANY OBJECTIONS TO THIS REPORT OR TO THE TRUSTEE'S DISCHARGE MUST BE FILED WITH THE COURT WITHIN 21 DAYS AFTER THE DATE OF THIS REPORT. IF NO OBJECTIONS ARE RECEIVED WITHIN 21 DAYS, THE TRUSTEE WILL BE DISCHARGED AND THE TRUST WILL CLOSE WITHOUT A HEARING.**

**I.    OBJECTIONS**

Failure to timely and properly object to this report may constitute a waiver of all objections to this Report, and all items listed herein, including without limitations the Trustee's fees and expenses incurred and to be paid in connection with this report, and, pursuant to Sections 4.4 and 8.1 of the Trust Agreement, ECF No. 413-1, unless a timely objection is filed, this Report shall be deemed approved for all purposes.

1

## II. NOTICE OF TRUST CLOSING

Pursuant to Article IV, Section 4.1 of the Trust Agreement, which was incorporated into the confirmed Plan, ECF No. 413-1, the Trustee shall terminate the Trust after its liquidation and the administration, full performance of all other duties and functions set forth in the Trust Agreement and the Plan, and final distribution of the Trust Assets in accordance with the Trust Agreement and the Plan. Upon filing of this Report and the contemporaneous final distribution of the Trust's assets, the Trust will be fully administered and will close and terminate.

**PURSUANT TO ARTICLE IV, SECTION 4.4 OF THE TRUST AGREEMENT, UPON TERMINATION OF THE TRUST AS DESCRIBED IN THIS REPORT, THE TRUSTEE WILL BE RELEASED, ABSOLVED, DISCHARGED, ACQUITTED, AND EXCULPATED FROM ANY AND ALL CLAIMS, LIABILITY, OBLIGATIONS, AND DUTIES, WHETHER KNOWN OR UNKNOWN, ARISING OUT OF OR RELATED TO THE TRUST, INCLUDING, BUT NOT LIMITED TO, ALL ACTIONS, DECISIONS, AND DUTIES DESCRIBED IN THIS REPORT.**

## III. NOTICE OF DESTRUCTION OF TRUST RECORDS

**PLEASE TAKE NOTICE THAT PURSUANT TO SECTION 4.2 OF THE TRUST AGREEMENT, THE TRUSTEE INTENDS TO DESTROY THE TRUST'S RECORDS ON OR AFTER JANUARY 1, 2024.**

Pursuant to Article IV, Section 4.2 of the Trust Agreement, which was incorporated into the confirmed Plan, ECF No. 413-1, the Trustee will destroy all of the books, records, documents and files of the Trust on or after one year after the filing of this Report.

IV.    **FINAL REPORT AND ACCOUNTING**

Pursuant to Article VIII of the Trust Agreement, the Trustee has prepared a final written accounting of the administration of the Trust, listing its assets, and detailing the transactions that occurred during the Reporting Period. This accounting is attached as Exhibit A. A required by the Trust Agreement, this Report has been filed with the Bankruptcy Court and served on each Trust Beneficiary or the attorney of record for the Trust Beneficiary(s).

Pursuant to Section 4.4 and 8.2 of the Trust Agreement, unless an objection is timely filed, the Trustee will not seek an order from the Bankruptcy Court approving this Report. If no objection is filed within 21 days after the date this report is filed with the Bankruptcy Court, the Trustee will close the Trust and, pursuant to Section 4.4, **THE TRUSTEE WILL THEN BE RELEASED, ABSOLVED, DISCHARGED, ACQUITTED, AND EXCULPATED FROM ANY AND ALL CLAIMS, LIABILITY, OBLIGATIONS, AND DUTIES, WHETHER KNOWN OR UNKNOWN, ARISING OUT OF OR RELATED TO THE TRUST, INCLUDING, BUT NOT LIMITED TO, ALL ACTIONS, DECISIONS, AND DUTIES DESCRIBED IN THIS REPORT.**

a.    **APPOINTMENT OF TRUSTEE AND BACKGROUND**

On October 15, 2019, the Diocese Duluth filed a Chapter 11 Plan of Reorganization ("Plan"). On October 21, 2019 ("Confirmation Date"), the United States Bankruptcy Court for the District of Minnesota entered an Order Confirming the Plan.

As of the Confirmation Date, the Trustee was appointed to act in accordance with the Plan and the Trust Agreement attached as Exhibit D to the Plan, ECF 413-1. Pursuant to the Plan and the Trust Agreement, the Trustee was duly appointed as a representative of the Estate pursuant to Sections 1123(a)(5), (a)(7), and (b)(3)(B) of the Bankruptcy Code.

**b. TRUSTEE'S ACTIVITY**

**i. Trustee Duties**

During the Final Reporting Period, the Trustee's duties were discharged primarily by Daniel Harrow. The Trustee, on behalf of the Trust, assumed all responsibility for preserving, managing and distributing Trust Assets to the holders of Trust Claims ("Beneficiaries") in accordance with the Plan. The Trustee assumed responsibility for: (a) making payments to Beneficiaries; (b) receiving, collecting, liquidating, maintaining and distributing the Trust Assets; and (c) fulfilling all other obligations of the Trust under the Trust Agreement and the Plan.

The Trustee worked with the Tort Claim Reviewer, Roger Kramer of Kramer Law, to implement the Plan and fulfil the Trustee's duties under the Trust Agreement. Among these duties, the Trustee analyzed the Tort Claim review process, including coordinating with Mr. Kramer on his process for allocating points under the Plan. The Trustee further coordinated the distribution to Beneficiaries under the Plan. During the course of the Trust, the Trustee submitted the Tort Claims to CMS through the process provided for in the Plan, and coordinate with CMS to reimburse CMS for amounts as required by the Plan. Notably, the Trustee spent considerable time disputing and resolving large initial reimbursement demands by CMS that, but for the efforts of the Trustee, could have substantially reduced returns to Beneficiaries. The Trustee also addressed numerous inquiries from Survivors regarding their Claims, and addressed numerous litigation issues surrounding the Trust's indemnification obligations and the confidentiality of the Tort Claims and the Tort Claim Reviewer's process for assigning points under the TDPs. Additionally, the Trustee caused to be filed, on behalf of the Trust, all required federal, state, and local tax returns in accordance with the provisions of Treasury Regulation Section 1.468B-2(k)(1) during the Final Reporting Period.

### ii. Management of Trust Assets

Pursuant to the Trust Agreement, the Trustee acted as custodian of and managed all Trust Assets for the benefit of the Beneficiaries as the Trustee deemed appropriate to accomplish the purpose of the Trust. Upon appointment, the Trustee opened and maintained a bank account on behalf of the Trust. The Trustee made distributions to Beneficiaries pursuant to the Plan.

A written accounting of the administration of the Trust listing the current assets and detailing transactions that occurred during the Final Reporting Period is included as **Exhibit A** ("Final Accounting"). Copies of a detailed version of the Final Accounting shall be available to authorized parties pursuant to the Trust Agreement for the period required under the Trust Agreement.

### C. DISTRIBUTIONS AND OUTSTANDING EXPENSES

Pursuant to the Plan and the Trust Agreement, all Trust property not distributed, sold, transferred, abandoned or otherwise disposed of pursuant to this Report or a prior order of the Court, will be delivered to charity supporting survivors of childhood sexual abuse.

WHEREFORE, the Trustee serves this Report and provides notice as required by the Trust Agreement. If no objection is filed with the Bankruptcy Court within 21 days' after filing of this Report, the Trustee will terminate the Trust and will be discharged pursuant to the Plan.

CORE/3518275.0002/176530087.3

Dated: November 29, 2022

                    **STINSON LLP**
                    */e/ Andrew J. Glasnovich*
                    Andrew J. Glasnovich (0398366)
                    50 South Sixth Street, Ste. 2600
                    Minneapolis, MN 55402
                    612.335.1500
                    Drew.glasnovich@stinson.com
                    ATTORNEYS FOR
                    **DW Harrow & Assoc., LLC,** *solely in its capacity as Trustee of the Diocese of Duluth Settlement Trust*

6

*EXHIBIT A*

Trust Accounting

| Assets | Amount |
|---|---|
| Assets received from the Diocese, its affiliates, and its insurers | $39,203,561 |

| Expense | Amount |
|---|---|
| Total Distribution to Class 3 Claimants | $38,632,544 |
| Trust Administrative Costs Includes: Trustee fee, Tort Claim Reviewer, Legal, Accountant, and UST Fees | $533,388 |
| Medicare (CMS) Reimbursements | $776 |
| Closing Costs (Est.) | $1,000 |
| Distribution to Charity (Est.) | $35,853 |

CORE/3518275.0002/176530087.3